UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID JEROME CRAWFORD, :
:
              Petitioner : CIVIL NO. 1:CV-14-0529
vs. :
: (Judge Caldwell)
WARDEN EBBERT, :
:
              Respondent :

*M E M O R A N D U M*

I.    *Introduction*

On March 13, 2014, David Crawford, an inmate confined at USP Canaan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Crawford was involved in a physical altercation in March 2012, for which he received an incident report. He does not specify what discipline, if any, was imposed as a result of the report but does allege due process violations in the manner in which the incident report was handled. He also alleges that various Bureau of Prisons (BOP) officers used excessive force against him during the physical altercation.

As Crawford cannot pursue his excessive force claim by way of a habeas petition, that claim will be dismissed without prejudice. Crawford's due process claim might be cognizable in habeas, but he will be required to amend his petition.

II.    *Standard of Review*

Federal law provides two main avenues of relief to incarcerated persons: a petition for habeas corpus, and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004)(per curiam). "Although both

§ 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750, 124 S.Ct. at 1304. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."[1] *Leamer*, 288 F.3d at 542. In sum, federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d 540.

III.   *Discussion*

Crawford fails to make a claim cognizable in habeas based on the disciplinary proceedings as he does not allege the sanctions imposed as a result of the proceedings. Prisoners are entitled to due process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).

As Crawford does not allege what discipline he received as a result of the incident report, the court cannot determine if he was entitled to due process in his

---

[1] As a § 1983 action applies only to state actors, it is not available to federal prisoners. The federal counterpart is an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 199, 29 L.Ed.2d 619 (1971), alleging deprivation of a constitutional right.

disciplinary hearing. Accordingly, Crawford will be granted leave to file an amended habeas petition to remedy this oversight.

To the extent Crawford seeks to bring an Eighth Amendment excessive force claim against those Bureau of Prisons employees who allegedly assaulted him, he cannot pursue such a claim via his present habeas petition, as it would be a conditions-of-confinement claim. Thus the court will dismiss this claim, but without prejudice to Petitioner's right to file it as a *Bivens* action.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  May 12, 2014

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID JEROME CRAWFORD,                :
                                      :
            Petitioner                :    CIVIL NO. 1:CV-14-0529
      vs.                             :
                                      :    (Judge Caldwell)
WARDEN EBBERT,                        :
                                      :
            Respondent                :

*O R D E R*

AND NOW, this 12th day of May, 2014, it is ordered that:

   1.  Crawford shall file an amended petition setting forth facts showing he was protected by due process in his disciplinary proceedings involving Incident Report No. 2274716.

   2.  The Clerk of Court is directed to provide Crawford with two (2) blank § 2241 forms for his use in preparing the Amended Petition.

   3.  If Crawford fails to file an Amended Petition within twenty-one (21) of the date of this order, the petition will be dismissed without prejudice.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge