IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CRAWFORD, :
       Petitioner :
       :
  vs. : CIVIL NO. 1:CV-14-0529
       :
WARDEN EBBERT, : (Judge Caldwell)
       Respondent :
       :
       :

*M E M O R A N D U M*

I.  *Introduction*

David Crawford, an inmate at the United States Prison in Canaan, Pennsylvania, filed a pro se petition under 28 U.S.C. § 2241 challenging the results of a disciplinary proceeding held while he was an inmate in the Federal Correctional Institution in Forrest City, Arkansas.  As a result of the proceeding, Petitioner lost credit against his sentence for fifty-four days of good conduct time, based on two infractions: an assault, a violation of Code 224, and threatening bodily harm, a violation of Code 203.

Petitioner claims the following due process violations.  First, the investigating officer was involved in the incident giving rise to the disciplinary charges and left the incident report in Petitioner's cell door without questioning Petitioner, which denied Petitioner an impartial fact finder.

Second, the staff failed to question Petitioner on the reinvestigation of the incident.  This harmed his ability to present true and clear evidence of the case and

review video and audio evidence of the incident "of the service of incident report . . . " (Doc. 14, Second Am. Petition, ECF p. 5).

Third, the incident report mistakenly lists the date of the incident as February 1, 2012; the attempt by the Unit Discipline Committee (UDC) and the staff to reinvestigate the incident failed because the advisement of incident-report delay came beyond the five-day work-day limit, see 28 C.F.R § 541.7(c),  "and after the right violation;" "Petitioner was denied a reinvestigation of rights and ability to request or question exculpatory evidence" which the original investigating officer "failed to address." (Id.).

Fourth, the incident report was issued on March 2, 2012, but the hearing was not held until May 2, 2012, and disciplinary proceedings may not be suspended for a period exceeding two weeks.  Additionally, the second investigating officer's investigation failed because he relied on the investigation by the first investigating officer.

II.  *Relevant Law*

Federal prisoners have a liberty interest in good time credits.  *Lang v. Sauers*, 529 F. App'x 121, 122 (3d Cir. 2013)(nonprecedential).  At a disciplinary hearing that may result in the loss of good time credits, due process requires that an inmate "receive: (1) written notice of the charges at least 24 hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; and (4) a written statement of the

-2-

evidence relied on and the reasons for the disciplinary action." *Id.* at 123 (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

Due process also requires that the Discipline Hearing Officer's (DHO's) decision be supported by "some evidence." *Id.* (quoting *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)). A determination of whether there is some evidence to support the decision "does not require examination of the entire record, an independent assessment of the credibility of witnesses, or a weighing of the evidence." *Id.* (citing *Thompson v. Owens,* 889 F.2d 500, 502 (3d Cir. 1989)). "This requirement is minimal, and is satisfied if there is 'any evidence in the record that could support the conclusion reached by the'" DHO. *Deen-Mitchell v. Bledsoe*, 548 F. App'x 747, 750 (3d Cir. 2013)(nonprecedential)(quoting *Hill*, 472 U.S. at 455-56, 105 S.Ct. at 2774).

III. *Discussion*

We will deny the petition because Crawford fails to allege that any of his rights under *Wolff* were violated. At most, he alleges that the Bureau of Prison's (BOP's) regulations or its program statement governing the process for disciplinary proceedings were violated, which is not enough. *See Bullard v. Scism*, 449 F. App'x 232, 234-35 (3d Cir. 2011)(nonprecedential). Thus, for example, Petitioner is correct that an officer involved in the incident cannot also be the investigating officer, but that requirement is not imposed by *Wolff* but by commentary to 28 C.F.R § 541.5(b) in Program Statement 5270.09, which describes the BOP's Inmate Discipline Program. In circumstances where

-3-

a regulation was violated, the petitioner must show prejudice from the violation. *Id.* at 235 (citing *Von Kahl v. Brennan*, 855 F. Supp. 1413, 1421 (M.D. Pa. 1994)). Petitioner fails to do that here.[1]

We will issue an order denying relief. We will not issue a certificate of appealability since Petitioner has the right to appeal our order to the Third Circuit without a certificate. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 14, 2014

---

[1] The closest Petitioner comes to a due process violation is his claim that neither investigating officer questioned him during the investigations leading up to issuing the incident report, either the first or second time. Petitioner asserts this prevented him from requesting exculpatory evidence. The failure to question Petitioner could not have prevented him from seeking exculpatory evidence. *Compare Burns v. Pa Dep't of Corr.*, 642 F.3d 163, 174 n.11 (3d Cir. 2011)(ruling in part that due process requires that evidence must be produced when requested by the inmate).